**MEMO ENDORSED**

| Littler | USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 1/25/11 | Littler Mendelson, P.C. 321 North Clark Street Suite 1000 Chicago, IL 60654 |

January 25, 2011

John A. Ybarra
312.795.3207 direct
312.372.5520 main
312.372.7880 fax
jybarra@littler.com

**VIA FACSIMILE (212) 805-6724**

The Honorable Frank Maas
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

Re: *Youngblood, et al. v. Family Dollar Stores Inc., et al.*, Case No. 09-cv-3176 (RMB);
*Rancharan v. Family Dollar Stores, Inc.*, Case No. 10-CV-7580 (RMB)

Dear Judge Maas:

*[Handwritten endorsement:]* Plaintiffs' counsel are directed not to send any further letters to members of the putative class before the 1/28/11 conference and to provide a written response by 10 am on 1/27/11. /s/ Maas, USMJ 1/25/11

This firm represents Family Dollar in the above-referenced actions, and I write on an emergency basis to request that Your Honor enter a Protective Order related to Plaintiffs' counsel's communications with putative class members. Plaintiffs' counsel sent -- to an undisclosed number of putative class members -- a letter, in which counsel claims to represent these putative class members, suggests that a class has been certified, suggests the potential relief that "present and former Store Managers" may recover if Plaintiffs win, and provides legal advice to the Store Managers about the laws' prohibitions against Family Dollar "retaliating against you for engaging in litigation to enforce your rights under the labor laws." This letter is wholly inappropriate, and Family Dollar will be prejudiced if Plaintiffs are not required to identify who has received and responded to these letters, and cease sending any further letters of this sort.

## I. BACKGROUND AND RELEVANT FACTS

In these cases, which are styled as Rule 23 class actions under New York Labor Law, Plaintiffs sought the names and contact information of the entire putative class, so they could "collect the same evidence as Defendant, regarding their job duties and hours worked, to prepare for their certification motions." (Exhibit 1, p. 3). Family Dollar objected, specifically citing a concern that such information could be used to send notice to putative class members and to solicit clients, rather than simply gather evidence.

On January 5, 2011, this Court ordered Family Dollar to produce a list of putative class members' names, address, and dates of employment. (Doc. 39). The Court expressly stated that the list was to enable Plaintiffs' counsel to contact Store Managers to seek discovery about their duties and responsibilities to support a motion for class certification. (Doc. 39). The Court understood that "Plaintiffs plainly intend to use the names and

littler.com

January 25, 2011
Page 2

addresses for purposes *other than* merely providing notice to the putative class members." (Doc. 39 p. 5) (emphasis added). The Court also considered Family Dollar's argument regarding potential improper use of the list for solicitation purposes, but concluded that the concern was unfounded at that point because "there is no indication . . . that [Plaintiffs] have anything but a good faith need for employee contact information for the purpose of establishing the propriety of [class] certification." (*Id.*) (quoting *Whitehorn v. Wolfgang's Steakhouse, Inc.*, No. 09 Civ. 1148 (LBS), 2010 WL 2362981, *2 n.2 (S.D.N.Y. June 14, 2010)). The Court also concluded that because these cases arise under state law, the list could not be used to solicit potential opt-ins. (*Id.*).

On January 24, 2011, Family Dollar received a copy of the letter that Plaintiffs' counsel sent to putative class members. (Exhibit 2). This letter starts with a bold-faced header in all capital letters stating "**ATTORNEY-CLIENT COMMUNICATION PRIVILEGED AND CONFIDENTIAL.**" Nowhere does the letter explain that, in fact, there is no attorney-client relationship with the recipient Store Managers. Nowhere does the letter make clear that Plaintiffs' attorneys only represent the named Plaintiffs. It just directs the Store Managers to call the Plaintiffs' attorneys as soon as possible and suggests that such a call would constitute enforcing their own legal rights. The letter does not make clear that its authorized purpose is only to seek witnesses and information. Instead, it misleadingly states only that the recipient's name was provided as a "potential class member" after talking about the lawsuits being asserted on behalf of Plaintiffs and "on behalf of other current and former Store Managers employed by Family Dollar in the State of New York" – again without clarifying that there is actually no class or attorney-client relationship. The letter builds the deception by discussing the back pay that such potential class members could receive in the lawsuit. And finally, the letter provides legal advice to Store Managers about federal and state law prohibitions against retaliation by Family Dollar. (Exhibit 2).

The parties held a telephonic conference on January 24, 2011, in which Family Dollar explained its objections to Plaintiffs' letter (which objections were also detailed in a letter sent prior to the conference). During the call, Plaintiffs' counsel acknowledged that they sent this letter to individuals with whom they do not actually have an attorney-client relationship. They denied sending the letter to all current and former Store Managers. However, they refused to identify which Store Managers, or how many Store Managers, they did send it to. Accordingly, Family Dollar does not know the scope of the adverse effect of this letter. Regardless, Plaintiffs' counsel confirmed that the letter had been vetted through the team of Plaintiffs' counsel and that the letter was "exactly what [they] intended." Thus, Plaintiffs' counsel not only refused to indicate how many members of the putative class were sent such a letter, they also refused to take any action to retract the misrepresentations in the letter, and they refused to refrain from sending it to any additional putative class members.

Accordingly, Family Dollar now asks this Court for an Order requiring Plaintiffs to: (1) cease and desist from sending such letters; (2) identify all individuals to whom letters have been

January 25, 2011
Page 3

sent; (3) identify all individuals who have responded to such letters; (4) prepare a retraction for Court review; and (5) refrain from any further communications without obtaining Court review of those communications.

## II. ARGUMENT

Plaintiffs' counsel's communication with the putative class members is misleading and warrants the entry of a Protective Order. Federal courts have sanctioned counsel and taken other remedial action in response to pre-certification communications with putative class members (such as this) that are false, deceptive, or misleading. *Maddox v. Knowledge Learning Corp.* 499 F. Supp. 2d 1338, 1344-45 (N.D. Ga. 2007); *Self v. TPUSA, Inc.*, 2008 U.S. Dist. LEXIS 71341, at **13-15 (D. Utah Sept. 19, 2008).

The false, misleading, and deceptive information in this letter includes the representation that Plaintiffs' counsel has an attorney-client relationship with putative class members (which Plaintiffs' counsel acknowledges is untrue), the suggestion that a class has been certified, and the suggestion that Store Managers will be enforcing their legal rights by contacting Plaintiffs' counsel. The deceptive nature of this communication is underscored by the omission of the actual procedural posture of these cases, and what is supposed to be the purpose of the letter, namely, to gather information to support a motion for class certification. These are precisely the sort of misleading statements that require action by the Court. *See Self*, 2008 U.S. Dist. LEXIS 71341, at **11-15; *Maddox*, 499 F. Supp. 2d at 1344-45; *Alaniz v. SamKane Beef Processors, Inc.*, 2007 U.S. Dist. LEXIS 89161 (S.D. Texas Dec. 4, 2007) (ordering plaintiffs to stop further communications where flyers, radio announcements and billboards created the misimpression that all current and former employees were eligible to opt-in); *Taylor v. CompUSA, Inc.*, 2004 U.S. Dist. LEXIS 14520, at *11-12 (N.D. Ga. June 29, 2004) (directing employees' counsel to remove misleading statements from their communications with potential plaintiffs until class certification and approval of notice).

It is critical that as part of the remedial action, the Court require Plaintiffs' counsel to identify to whom they sent the letter, and who responded. Without that information, Family Dollar cannot determine the scope of the prejudicial effect of this letter. At this point, we can only assume that Plaintiffs' counsel sent it to a significant portion of the Store Manager workforce.

The Court should also take action to preclude further use of this letter for solicitation purposes, which is improper. *See Jones v. Casey's Gen. Stores*, 517 F. Supp. 2d 1080, 1089 (S.D. Iowa 2007) (barring plaintiffs' counsel from initiating contact with potential opt-ins after using information on company questionnaire to solicit employees to join the lawsuit); *Crabtree v. Hayden, Stone, Inc.*, 43 F.R.D. 281, 283 (S.D.N.Y. 1967) (stating that "Rule 23 should not be used as a device to enable client solicitation."). The letter discusses the relief that may be available if Plaintiffs prevail. This information was obviously included to entice

January 25, 2011
Page 4

putative class members to join the lawsuit; it is certainly not necessary if the sole purpose of the letter is to seek information regarding duties and responsibilities of Store Managers. Indeed, Family Dollar's concerns about improper solicitation are compounded by the fact that Robert DeRose, Lead Counsel in the MDL, now represents Plaintiffs in this action. Thus, even if these Rule 23 cases under New York law do not present an opportunity for solicited individuals to opt-in, that opportunity certainly exists in the MDL cases against Family Dollar under the FLSA and its opt-in scheme.

### III.    **CONCLUSION**

In the manner described above, Plaintiffs' counsel have abused the information that the Court ordered Family Dollar to provide for discovery purposes. Thus, the Court should enter a Protective Order requiring Plaintiffs to: (1) cease and desist from sending such letters and refrain from any further communications without obtaining Family Dollar's and the Court's review and approval of those communications; (2) identify all individuals to whom letters have been sent; and (3) identify all individuals who have responded to such letters. Once the Court and Family Dollar are apprised of the scope of the problem, the Court should fashion further appropriate remedial action, which may include an order requiring Plaintiffs to retract statements in their letter.

Sincerely,

John A. Ybarra

cc: Seth Lesser (via e-mail)
Fran Rudich (via e-mail)
Marc Hepworth (via e-mail)
Robert DeRose (via e-mail)
Robert Drexler (via e-mail)
Shawn Khorrami (via e-mail)
Amy S. Ramsey (via e-mail)
Syeda H. Maghrabi (via e-mail)

Firmwide:99816441.2 053439.1132