**Littler**
Employment & Labor Law Solutions Worldwide

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/11

Littler Mendelson, P.C.
321 North Clark Street
Suite 1000
Chicago, IL 60654

John A. Ybarra
312.795.3207 direct
312.372.5520 main
312.372.7880 fax
jybarra@littler.com

February 7, 2011

**VIA FACSIMILE (212) 805-6724**

The Honorable Frank Maas
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

Re:  *Youngblood, et al. v. Family Dollar Stores Inc., et al.*, Case No. 09-cv-3176 (RMB); *Rancharan v. Family Dollar Stores, Inc.*, Case No. 10-CV-7580 (RMB)

Dear Judge Maas:

[Handwritten annotation: I am unwilling to enter an order which states the obvious: That a party generally is generally entitled to rely on attorney-client privilege unless waived. If plaintiffs' counsel inquires about privileged matters, Mr. Ybarra can direct the witness not to answer; if plaintiffs disagree with the instruction, they can pursue that issue with me. I am not going to rule as to the applicability of the privilege other than in the context of specific questions raised during the deposition. — Maas, USMJ, 2/7/11]

This firm represents Defendants in the above-referenced actions. I write on an emergency basis to request a pre-motion conference to discuss the entry of a supplemental protective order relating to the Rule 30(b)(6) deposition of Jacob Modla, noticed for Thursday, February 10, 2011.

On January 24, 2011, Plaintiffs' counsel sent a letter to us setting forth several topics on which Plaintiffs wished to depose a corporate representative of Defendants pursuant to Federal Rule of Civil Procedure 30(b)(6). *See* Exhibit A, attached hereto. One of these topics is the "classification of New York Store Managers as exempt under the New York Labor Law." *Id.* On January 26, 2011, Defendants advised Plaintiffs that they intended to designate Vice President of Human Resources Jacob Modla to testify regarding the "classification of New York Store Managers as exempt under the New York Labor Law." *See* Exhibit B, attached hereto.

Although Mr. Modla is an attorney and formerly served as Deputy General Counsel for Family Dollar Stores, Inc., Mr. Modla is not being produced to testify regarding any advice, analysis or communications he provided or directed in his capacity as counsel for Defendants. Rather, Mr. Modla's testimony will be limited to the facts surrounding the classification of New York Store Managers as exempt under the New York Labor Law, including the facts surrounding Mr. Modla's participation on a task force assembled to review and analyze the exempt status of its Store Managers. It is well settled that a party does not waive the attorney-client privilege merely by calling its attorney as a witness. *See Inspiration Leasing, Inc. v. US West Financial Services, Inc.*, 1989 U.S. Dist. LEXIS 6006 at *2-3 (S.D.N.Y. May 31, 1989) (attorney-client privilege not waived unless the witness testifies to confidential matters). Thus, Defendants' designation of Mr. Modla as a 30(b)(6) witness does not waive the privilege in and of itself. Further, in order for there to be an implied waiver of the privilege, a party must affirmatively put the privileged matter at issue, such as by asserting and relying on an advice of counsel defense. *See Pritchard v. County of Erie*, 546 F.3d 222, 229 (2d Cir. 2008). Because Defendants do not seek to establish any advice of counsel defense through Mr. Modla's testimony, Defendants seek to

The Honorable Frank Maas
February 7, 2011
Page 2

clarify that they do not waive, either explicitly or impliedly, any attorney-client or attorney work product privilege pertaining to Mr. Modla's role as in-house counsel.

Defendants do recognize, though, that Mr. Modla is subject to the same type of discovery as a non-attorney with regards to his participation on the task force examining the exempt status of Defendants' Store Managers. Indeed, Mr. Modla expects to testify regarding his participation on this task force. Nonetheless, this type of discovery and questioning does not open to the door to a waiver of privileged communications that Mr. Modla may have had regarding litigation or in anticipation of litigation involving the exempt status of Store Managers generally. *See, e.g., Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084 (D.N.J. 1996).

Defendants sought to reach agreement with Plaintiffs' counsel repeatedly on this issue prior to filing the contemplated motion with the Court. Indeed, in a final effort to meet and confer on this matter, Defendants sent Plaintiffs' counsel a letter on Friday, February 4, requesting that they respond to our inquiry regarding the supplemental protective order by 10:00 a.m. today. To date, Plaintiffs' counsel have not responded to Defendants' inquiry regarding this issue, except to state that they "may" raise an objection to the designation of Mr. Modla as a 30(b)(6) witness. No such "objection" has been raised at this time, and Mr. Modla's deposition is currently set for February 10, 2011.

For the foregoing reasons, Defendants respectfully request that the Court enter a supplemental protective order to clarify that Mr. Modla shall not be required to testify regarding any attorney-client privileged advice, analysis or communications regarding the classification of New York Store Managers as exempt under the New York Labor Law, or regarding other privileged material that Mr. Modla may have prepared or directed in his capacity as an attorney for Defendants with regard to litigation or in anticipation of litigation.

Respectfully submitted,

*John A. Ybarra /sm*

John A. Ybarra

cc:     Seth Lesser (via e-mail)
        Fran Rudich (via e-mail)
        Michael Palitz (via e-mail)
        Marc Hepworth (via e-mail)
        David Roth (via e-mail)
        Charles Gershbaum (via e-mail)
        Robert DeRose (via e-mail)
        Robert Drexler (via e-mail)
        Shawn Khorrami (via e-mail)
        Defendants' counsel (via e-mail)

Firmwide:99980285.1 053439.1132